UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

DOREEN NELSON,

                          Plaintiff,

      -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT (NYPD); DR. ELOISE ARCHIBALD,
Director Psychological Services Unit NYPD; DR. ADRIA
ADAMS, Psychologist, NYPD Psychological Services Unit;
DR. CATHERINE LAMSTEIN, Psychologist, NYPD
Psychological Services Unit; each individually and in their
official capacities as employees of the CITY,

                          Defendants.

**COMPLAINT WITH JURY DEMAND**



---------------------------------------------------------------------X

The plaintiff DOREEN NELSON, by her attorneys CRONIN & BYCZEK, LLP, as and for her complaint against defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT (NYPD); DR. ELOISE ARCHIBALD, Director Psychological Services Unit NYPD; DR. ADRIA ADAMS, Psychologist, NYPD Psychological Services Unit; DR. CATHERINE LAMSTEIN, Psychologist, NYPD Psychological Services Unit; each individually and in their official capacities as employees of the CITY, respectfully set forth and allege that:

### INTRODUCTION

1.    This is an action for equitable relief and money damages on behalf of plaintiff DOREEN NELSON, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of her statutory and constitutional rights as a result of the defendants' policies and practices of discrimination based upon perceived disabilities in the conditions of her employment. Said policy was implemented under color of law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    (a) Title I of the Americans with Disabilities Act of 1990, which prohibits covered employers from discriminating against an employee who is a "qualified individual with a disability;"

    (b) The Rehabilitation Act, which prohibits covered employers from discriminating against an employee who is a "qualified individual with a disability;"

    (c) The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

3. The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Southern District of New York.

4. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5. Plaintiff is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Suffolk County and the State of New York and was an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the POLICE DEPARTMENT CITY OF NEW YORK (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with defendant CITY to identify

the employer which is defendant CITY.

## DEFENDANTS

6. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7. Defendant CITY is an employer as defined in the ADA, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8. THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT (NYPD); DR. ELOISE ARCHIBALD, Director Psychological Services Unit NYPD; DR. ADRIA ADAMS, Psychologist, NYPD Psychological Services Unit; DR. CATHERINE LAMSTEIN, Psychologist, NYPD Psychological Services Unit; each individually and in their official capacities as employees of the CITY.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

10. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

11. On or about September 23, 2010, plaintiff submitted a dual filing with the New York State Division of Human Rights and the EEOC under case number 10144465 and federal charge number 16GB100127.

12. On or about January 13, 2011, New York State Division of Human Rights issued a determination and order of dismissal for administrative convenience.

13. On or about January 25, 2011 plaintiff received a Notice of Right to Sue letter (Exhibit A) from the United States Department of Justice.

## BACKGROUND

14. On or about September 15, 1990, plaintiff was appointed to the Police Department City of New York (hereinafter referred to as the "NYPD") as a police officer.

15. On or about September 9, 2000, the Plaintiff was injured in a car accident while off duty by an NYPD van on the FDR drive near the entrance to LIJ hospital. Plaintiff suffered injuries to her right shoulder, right hand, and left knee. In late September or early October of 2000, the Plaintiff had surgery on her wrist. Plaintiff was left with chronic pain in the knee and back. In May of 2001, the Plaintiff had right shoulder surgery, and in November of 2001 she had left knee surgery. In October of 2002 she had a second surgery on her right wrist and right elbow. Plaintiff was assigned to light duty and then full duty after her recovery periods. During this time period, Plaintiff was diagnosed with thoracic outlet syndrome.

16. In September of 2002, on or about the anniversary of the car accident, the Plaintiff went to the NYPD Psychological Services Unit suffering from anxiety related to the car accident. Her guns were removed and she was assigned to a housing unit. She was on medically restricted duty from 2000 until 2004, initially for a car accident and later because of a diagnosis from the NYPD Early Intervention Unit of emotional problems.

17. On or about March of 2002, the NYPD submitted an early retirement application for the Plaintiff due to disability but the application was subsequently denied.

18. Between 2002 and 2004, Plaintiff was treated by a psychotherapist, including treatment for chronic pain syndrome. As a result of her therapy, Plaintiff showed significant improvement in her chronic pain and related emotional distress.

4

19. In 2004 the Plaintiff was asked to take a disability retirement pension from the NYPD based on a diagnosis of somatization disorder from the NYPD Psychological Services Unit. This was a diagnosis which her treating therapist disagreed with.

20. In 2006 the Plaintiff was diagnosed with thyroid cancer and Hashimoto's thyroiditis (an autoimmune disease in which the thyroid gland is gradually destroyed: symptoms include depression, fatigue, panic attacks, muscle weakness, joint and muscle pain, and anxiety). On or about June of 2006, Plaintiff had half of her thyroid gland removed. The remainder of her thyroid gland was removed later that same year. The Plaintiff was treated with radioactive iodine, and she was started on a prescription of Synthroid. Since this surgery there has been significant improvement in her physical and emotional status. On or about April of 2005, the Plaintiff applied to return to her job at the NYPD. On or about March 30, 2007, the Plaintiff appeared before the Medical Board regarding her application for reinstatement. At that time the Medical Board determined that Plaintiff could not perform the duties of an NYPD police officer, reaffirmed, and recommended approval of the Police Commissioner's application for Ordinary Disability Retirement and disapproval of the Police Commissioner's application for Accidental Disability Retirement. On or about March 31, 2008 the Plaintiff presented new evidence from her psychologist and the Medical Board rescinded its previous decisions. They then recommended the disapproval of Plaintiff's own application for Accidental Disability Retirement and the disapproval of the Police Commissioner's application for Ordinary Disability Retirement.

21. On or about July 9, 2008 the Police Pension Fund Board of Trustees noted the Medical Board's rescissions and found that Plaintiff was fit for police duties. As a result of this determination the Plaintiff was placed on an NYPD Preferred Eligible List.

22. On or about September 15, 2008 the Police Pension Fund notified Plaintiff of the determinations at the July meeting that she was no longer disabled from performing police service and that she was eligible to seek reinstatement of her employment with the NYPD.

23. On or about the end of 2008, the Plaintiff was informed that she had to go to the Applicant Processing Division whereupon she met with the Chief, filled out paperwork, was fingerprinted, and drug tested. On or about January 8, 2009 the Plaintiff was administered a written psychological exam and a psychological interview by psychologist Adria Adams. Shortly thereafter, the Plaintiff was told that the NYPD Psychological Services Unit was holding up her reinstatement.

24. Plaintiff was also evaluated by Dr. Lamstein of the NYPD Psychological Services Unit on or about 2003.

25. Both Dr. Lamstein's and Dr. Adams' evaluations totally ignored the physical and biological factors that caused Plaintiff's psychological symptoms. Dr. Lamstein ignored the important fact that Plaintiff's psychological distress was induced by the chronic pain which was caused by the accident Plaintiff experienced. Dr. Adams ignored this as well, and she also ignored the physical and biological factors that caused the Plaintiff's symptoms, specifically the Plaintiff's thyroid problems and the Hashimoto thyroiditis; symptoms of these conditions include but are not limited to anxiety, depression, inability to cope with stress, and joint and muscle pain.

26. The psychological evaluations performed by Lamstein and Adams ignored vital information and failed to meet professional standards. Plaintiff's treating psychotherapist Dr. Ann M. Kurz, who treated Plaintiff for over two years, totally disagreed with the evaluations performed by Lamstein and Adams.

27 On or about May of 2009, Dr. Eloise Archibald sent the first of two letters to

Plaintiff's attorney Jeffrey Goldberg informing Plaintiff that she had failed the psychological testing. Dr. Eloise Archibald relied upon the psychological testing and evaluations of her staff, and she did not consider the clinical evaluation submitted by Dr. Ann M. Kurz which was a more thorough and accurate analysis of the Plaintiff's psychological condition and the effect of her physical condition upon her emotional status.

28.     Dr. Eloise Archibald knew or should have known that the Lamstein and Adams evaluations were insufficient and ignored necessary data for a complete and accurate evaluation of the Plaintiff.

29.     As a result of this alleged failure of psychological testing, the Plaintiff was not reinstated.

30.     It is factually apparent that Defendants perceived Plaintiff as disabled even though at the time of her application for reinstatement she did not suffer from any discernable disability that would qualify her as disabled under Federal, State, and City law.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### PERCEPTION OF DISABILITY DISCRIMINATION IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

31.     Plaintiff re-alleges paragraphs 1 through 30 and incorporates them by reference as paragraphs 1 through 30 of Count I of this Complaint.

32.     At all relevant times, plaintiff was perceived to have a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff was perceived to be an individual with mental impairments that substantially limited one or more of her major life activities, which would have precluded her ability to pursue a career in law enforcement with defendant CITY.

33.     Plaintiff alleges that Defendants' THE CITY OF NEW YORK and NEW YORK

CITY POLICE DEPARTMENT (NYPD) through its agents DR. ELOISE ARCHIBALD, Director Psychological Services Unit NYPD; DR. ADRIA ADAMS, Psychologist, NYPD Psychological Services Unit; and DR. CATHERINE LAMSTEIN, Psychologist, NYPD Psychological Services Unit, each individually and in their official capacities as employees of the CITY., failed to treat plaintiff in a manner comparable to other similarly situated perceived disabled individuals, and this constitutes discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

## COUNT II
### PERCEPTION OF DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

34. Plaintiff re-alleges paragraphs 1 through 33 and incorporates them by reference as paragraphs 1 through 33 of Count II of this Complaint.

35. Plaintiff alleges that Defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT (NYPD) through its agents DR. ELOISE ARCHIBALD, Director Psychological Services Unit NYPD; DR. ADRIA ADAMS, Psychologist, NYPD Psychological Services Unit; and DR. CATHERINE LAMSTEIN, Psychologist, NYPD Psychological Services Unit, each individually and in their official capacities as employees of the CITY., discriminated against the Plaintiff because of her perceived status of being disabled.

36. Defendants intentionally acted in an outrageous and systematic pattern of perception of disability discrimination, oppression, and bad faith directed at Plaintiff in order to deprive her of her property interest in her employment.

37. As a result of the acts of the Defendants under color of law, Plaintiff suffered emotional distress, monetary damage, loss of salary and related benefits including pension rights, and incurred expenses for pursuing the claims herein.

## COUNT III
### PERCEPTION OF DISABILITY DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

38. Plaintiff re-alleges paragraphs 1 through 37 and incorporates them by reference as paragraphs 1 through 37 of Count III of this Complaint.

39. Plaintiff allege that Defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT (NYPD) through its agents DR. ELOISE ARCHIBALD, Director Psychological Services Unit NYPD; DR. ADRIA ADAMS, Psychologist, NYPD Psychological Services Unit; and DR. CATHERINE LAMSTEIN, Psychologist, NYPD Psychological Services Unit, each individually and in their official capacities as employees of the CITY., under color of law deprived Plaintiff of her pension and constitutional rights including the rights to enjoy freedom of speech, movement, association and assembly, to be free from deprivation of life, liberty, and property, and this was done without due process of law, all in violation of the constitution, the law of the United States, and in violation of 42 U.S.C. § 1983.

40. Defendants intentionally acted in an outrageous and systematic pattern of perception of disability discrimination, oppression, and bad faith directed at Plaintiff in order to deprive her of her property interest in her employment.

41. As a result of the acts of the Defendants under color of law, Plaintiff suffered emotional distress, monetary damage, loss of salary and related benefits including pension rights, and incurred expenses for pursuing the claims herein.

## COUNT IV
### PERCEPTION DISABILITY DISCRIMINATION IN VIOLATION OF NEW YORK STATE EXECUTVIE LAW § 296

42. Plaintiff re-alleges paragraphs 1 through 41 and incorporates them by reference as paragraphs 1 through 41 of Count IV of this Complaint.

43.   New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of perceived disability. New York State Executive Law § 296 is interpreted to provide greater protection to a Plaintiff than is provided under the federal law.

## COUNT V
## PERCEPTION OF DISABILITY DISCRIMINATION
## IN VIOLATION OF NEW YORK CITY ADMINSTRATIVE CODE § 8-502

44.   Plaintiff re-alleges paragraphs 1 through 43 and incorporates them by reference as paragraphs 1 through 43 of Count V of this Complaint.

45.   New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of perceived disability. The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## JURY TRIAL

47.   Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these defendants' jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated:    Lake Success, N.Y.
          April 21, 2011

                          Respectfully submitted,

By: _____
LINDA M. CRONIN (LC 0766)
CRONIN & BYCZEK, LLP
Attorneys for Plaintiff
1983 Marcus Avenue, Suite C-120
Lake Success, NY 11042
516-358-1700

Exhibit "A"

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Doreen Nelson<br>830 South 4th Street<br>Lindenhurst, NY 11757 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2011-00127 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*   **Charging Party wishes to pursue the matter in Federal District court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Elizabeth Grossman*   January 20, 2011

Enclosures(s)

Elizabeth Grossman,   *(Date Mailed)*
Acting District Director

cc:   CITY OF NEW YORK, POLICE DEPARTMENT   Linda M. Cronin, Esq.
Attn: Legal Bureau   Cronin & Byczek, LLP
One Police Plaza, Room 1406   1983 Marcus Avenue, Suite C-120
New York, NY 10038   Lake Success, New York 11042